**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **Z-DIMENSIONAL, LLC,**<br><br>   Plaintiff,<br><br>   v.<br><br>**EQUALITY TECH. INC.,**<br><br>   Defendant. | **CIVIL ACTION NO.: 2:15-cv-135**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. This is an action for patent infringement in which Z-Dimensional, LLC, makes the following allegations against eQuality Tech. Inc. ("ETI" or "Defendant").

**PARTIES**

2. Plaintiff Z-Dimensional, LLC ("Plaintiff" or "ZD") is a Texas limited liability company with a principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013. Plaintiff's president is Daniel F. Perez.

3. On information and belief, ETI is a Michigan corporation with its principal place of business at 13416 West Star Drive, Shelby Township, MI 48315. ETI does not appear to have a Registered Agent in the State of Texas.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## WILLFUL INFRINGEMENT OF U.S. PATENT NO. 7,729,530

7. Plaintiff is the owner by assignment of United States Patent No. 7,729,530 ("the '530 Patent") entitled "Method and Apparatus for 3-D Data Input to a Personal Computer with a Multimedia Oriented Operating System" – including all rights to recover for past and future acts of infringement. The '530 Patent issued on June 1, 2010. A true and correct copy of the '530 Patent is attached as Exhibit A.

8. Upon information and belief, the Defendant directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to the Rexcan 4, Rexcan CS+, Rexcan DS2, and Medit Identica systems) that infringe one or more claims of the '530 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed directly, and/or indirectly by way of inducing and/or contributing to the infringement of, the '530 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '530 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '530

Patent as provided under 35 U.S.C. § 284;

      d.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

      e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

      f.      Any and all other relief to which Plaintiff may show itself to be entitled.


Dated:  February 3, 2015                      Respectfully Submitted,

                                        **Z-DIMENSIONAL, LLC**


                              By:  /s/ Ronald W. Burns
                                  Ronald W. Burns
                                  Texas State Bar No. 24031903
                                  Ronald W. Burns, Esq.
                                  15139 Woodbluff Drive
                                  Frisco, Texas 75035
                                  Phone:  972-632-9009
                                  rburns@burnsiplaw.com

                              **ATTORNEY FOR PLAINTIFF**
                              **Z-DIMENSIONAL, LLC**